## Arthur B. Wright, Appellee, v. Frederick W. Clark et al., Appellants.

### Gen. No. 19,303.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded with directions. Opinion filed June 15, 1914.

### Statement of the Case.

Bill by Arthur B. Wright against Frederick W. Clark and others, trustees of two trusts, to establish and enforce a lien upon one or both trusts for attorney's fees and expenses incurred in connection with a contest of the will of Jonathan Clark, deceased, and to set aside an alleged void arbitration award fixing complainant's fees therein. From a decree entered in favor of complainant, defendants appeal.

SCOTT, BANCROFT & STEPHENS, WILLIAM B. HALE and EDWARD G. WOODS, for appellants; FRANK H. SCOTT, WILLIAM B. HALE and EDWARD G. WOODS, of counsel.

C. H. POPPENHUSEN, JOSEPH L. McNAB and E. R. JOHNSTON, for appellee; ELBRIDGE HANECY and S. S. GREGORY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 95*—*fairness of contract.* An attorney seeking to recover from a client on a contract drawn by the attorney at the time the relation exists must show that the client was fully informed of its nature and effect.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

2. ATTORNEY AND CLIENT, § 138*—*when instruments not construed as creating equitable lien for attorney's fees.* Instruments drawn by an attorney for his clients construed as not entitling the attorney to a lien for attorney's fees enforceable in equity, where the instruments were silent as to any interest created thereby for the attorney's benefit, and there was no evidence to show that his clients fully understood and agreed that the attorney should have a lien.

3. ARBITRATION AND AWARD, § 74*—*when invalidity of award no ground for setting it aside in equity.* A court of equity will not assume jurisdiction to set aside a void award of arbitration on the ground that the award is void, for the reason that the death of one of the arbitrators nullified the agreement to arbitrate.